IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| DELVIN MOORE, | :    CRIMINAL CASE NO. |
| | :    1:19-CR-452-AT |
| Defendants. | : |

**<u>ORDER</u>**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 72] recommending that the Defendant's Motions to Suppress Identification be denied. Mr. Moore filed objections to the Magistrate Judge's R&R [Doc. 77].

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). As Defendant has filed timely objections to the Magistrate's Judge's R&R, the Court reviews that portion of the R&R *de novo*. In addition to its *de novo* review of the R&R and record, the Court held a hearing on this matter on November 17, 2021.

After a careful review of Mr. Moore's objections and with the benefit of a hearing, the Court agrees with the R&R's conclusion that the neither the photo arrays nor the manner in which they were shown to the witnesses were unduly suggestive. (R&R at 15) (finding that, "although there is some natural variation between the individuals, the basic features are roughly similar, and no specific feature tends to isolate or call attention to Defendant"). At the November 17, 2021 hearing, the Court heard argument regarding the differences in the tattoos depicted in the DeKalb lineup. These differences, however, are slight and did not call special attention to Mr. Moore.[1] Similarly, the slight differences in skin tone among the individuals in the photo arrays also does not point to Mr. Moore as an outlier. The Court also notes that, at least in the DeKalb Police Department lineup, witnesses were cautioned to "consider the lighting and how it might affect the complexion of some persons, making them appear lighter or darker." (R&R at 10.)

Under the governing law, where members of a lineup or photo array have "substantial similarity in facial features, complexion, facial hair, and general body type and appearance," the array is not unduly suggestive. *United States v. Smith*, 148 F. App'x 867, 874-75 (11th Cir. 2005); *see also Williams v. Weldon*, 826 F.2d 1018 (11th Cir. 1987) (affirming conclusion that pretrial identification procedures

---

[1] The DeKalb County officers' decision to crop out all of the hair on the photos was also discussed at the hearing. Regardless of the overall wisdom of this decision, the hair was cropped on all the photos, and Defendant was in no way singled out by this decision.

were not impermissibly suggestive where defendant was the only Black male but other members of the group had similar skin tone and facial characteristics) (citing *United States v. Whitney*, 787 F.2d 457, 459 (8th Cir. 1986) (same)). Thus, while the photo array procedures and chosen photos did not consistently constitute best practices in all respects[2], Mr. Moore has not demonstrated undue suggestiveness.[3]

In sum, the Court agrees with the R&R in all respects. Accordingly, the Court hereby **OVERRULES** Defendant's Objections [Doc. 77] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 72] as the opinion of this Court. Mr. Moore's Motions to Suppress Identification [Docs. 29, 32] are **DENIED**.

The Court hereby sets the above case for trial beginning on April 25, 2022, at 9:30 AM in Courtroom 2308. The pretrial conference is set for April 20, 2022, at 10:30 AM in Courtroom 2308. Voir dire will be held on Friday, April 22, 2022,

---

[2] For example, as discussed at the Court's November 17, 2021 hearing and in the R&R, not all of the presentations of the photo arrays to the witnesses were done by "blind administration," i.e., where the investigator showing the photos is unaware who the suspect is. (See R&R at 6) (noting that Investigator Buckley presented photo array to witness even though he was aware which photo depicted the suspect). Blind administration is viewed in the field as best practice because it prevents the administrator of lineup from providing inadvertent or intentional verbal or nonverbal cues to the witness. *See, e.g.,* Eyewitness Identification Reform, The Innocence Project, available at: https://innocenceproject.org/eyewitness-identification-reform/ (last visited March 2, 2022). However, here, there is no evidence that Investigator Buckley provided any inadvertent or intentional leading cues to the witnesses.

[3] As the Court has determined that the identification procedures were not unduly suggestive, it need not address whether, under the totality of the circumstances, the identifications were reliable. *See Cikora v. Dugger*, 840 F.2d 893, 895 (11th Cir. 1988) (explaining that, if the identification process is determined *not* to be unduly suggestive, there is no need to proceed to the second part of the analysis).

in Courtroom 2306. Defendant is required to attend the pretrial conference or present a written waiver of his attendance. By March 29, 2022, the parties are to file any motions in limine and proposed voir dire questions. By March 29, 2022, the Government is to file a summary of the indictment for use in voir dire. By April 5, 2022, the parties are to file any objections to those items listed above. The time from January 6, 2022, to April 25, 2022, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk. Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial. The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg for information regarding the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time

for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

**IT IS SO ORDERED** this 4th day of March 2022.

_____
**Amy Totenberg**
**United States District Judge**